THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| TRAVIS JOHNSON,<br><br>                    Plaintiff,<br><br>v.<br><br>SALT LAKE CNTY. SHERIFF'S DEP'T et al.,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER TO CURE DEFICIENT COMPLAINT AND DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br> Case No. 2:25-cv-00313-JNP<br><br> Chief District Judge Jill N. Parrish |

Plaintiff Travis Johnson, acting pro se, brought this civil-rights action under 42 U.S.C. § 1983.[1] ECF No. 1 ("Compl."). Having now screened the corrected complaint under its statutory review function, 28 U.S.C. § 1915A,[2] the ORDERS Plaintiff to file an amended complaint curing

---

[1] The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

[2] The screening statute reads:

> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

deficiencies if he would like to further pursue his claims in this action. Additionally, Plaintiff has filed a motion for injunctive relief, which the court DENIES for the reasons below. ECF No. 6 ("Pl.'s Mot. for Inj.").

### COMPLAINT'S DEFICIENCIES

The proposed corrected complaint is deficient for the reasons listed below. The next section, which provides guidance to Plaintiff, provides more detail on the relevant legal principles that create problems, or potential problems, for the complaint as currently drafted.

1. It generally does not establish the necessary affirmative link between each individually named defendant and each element of each alleged civil-rights violation. For example, if Plaintiff wishes to bring his improper medical treatment claim, he should concisely link every applicable defendant to every one of the elements of the claims. He should do the same for his due process claim, his excessive force claim, and any other claims he wishes to pursue.

2. It may improperly allege civil-rights violations on a *respondeat superior* theory.

3. It improperly names Salt Lake County Sheriff's Department as § 1983 defendants, when it is not independent legal entities that can sue or be sued.

4. It fails to engage with the distinction between suing defendants in their individual and official capacities.

---

(b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

5. It possibly asserts claims attacking the validity of Plaintiff's incarceration, which should—if raised—be timely exhausted in the state-court system before being brought in a federal habeas corpus petition, rather than a civil-rights complaint.

6. It is perhaps supplemented with claims and defendants from documents filed after the complaint. ECF Nos. 5, 6. These additional claims and defendants will not be considered by the court unless they are properly included in a separately filed amended complaint.

## GUIDANCE FOR PLAINTIFF

The court offers some guidance for Plaintiff that may be helpful if he seeks to submit an amended complaint. Before doing so, the court notes that Plaintiff is constitutionally entitled to legal assistance by his institution, such as contract attorneys. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (holding that incarcerated individuals are required to be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). If these constitutional rights are being denied, Plaintiff can invoke them in his legal challenge.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction," "(2) a short and plain statement of the claim showing that the pleader is entitled to relief," and "(3) a demand for the relief sought, which may include relief in the alternative or different types of relief." FED. R. CIV. P. 8. Rule 8's requirements are designed to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

While the court is cognizant of the unique challenges facing pro se litigants, they are not excused from meeting these pleading requirements. According to the Tenth Circuit, "[t]his is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the court cannot "supply additional facts" nor can it "construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989). If Plaintiff is facing difficulty in determining which facts are legally relevant, he should err on the side of being comprehensive and take full advantage of his constitutional right to legal assistance.

Although Plaintiff is ultimately free to develop an amended complaint as he sees fit, the following legal principles may be helpful to keep in mind:

1**.** The revised complaint must stand entirely on its own and should not refer to, or incorporate by reference, any part of previously filed complaints *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating that an amended complaint supersedes any previously filed complaints). Also, an amended complaint may not be further amended after filing without permission from the court or the written consent from all defendants. FED. R. CIV. P. 15.

2. Each defendant should be named in the complaint's caption, listed in the section of the complaint setting forth names of each defendant, and affirmatively linked to applicable claims within the cause of action section of the complaint. Defendants may be unnamed, but in that event, Plaintiff should include as much information as possible to identify any unnamed defendants.

3. The complaint must clearly state what each individual defendant—typically, a named government employee—did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976) (noting that alleging the personal participation of the defendants is essential to stating a viable § 1983 claim). "To state a claim, a complaint must make clear exactly *who* is alleged to have done *what* to *whom*." *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (citation modified). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

4. Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as concise as possible while still using enough words to fully explain the who, what, where, when, and why of each claim to the extent possible. *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (noting that the Supreme Court is particularly skeptical of complaints that fail to mention specific times, places, or people involved in alleged misconduct).

5. Plaintiff may not name an individual as a § 1983 defendant based solely on their supervisory position. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) ("[S]upervisor status by itself is insufficient to support liability.")

6. Grievance denial alone, unconnected to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

7. "No action shall be brought with respect to prison conditions under . . . [f]ederal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2025). However, Plaintiff need

not include grievance details in the complaint. Instead, exhaustion of administrative remedies is an affirmative defense that may be raised by defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

8. Under the personal-participation requirement, a plaintiff bringing a claim under § 1983 "must demonstrate the defendant 'personally participated in the alleged constitutional violation' at issue." *Est. of Roemer v. Johnson*, 764 F. App'x 784 (10th Cir. 2019) (unpublished) (quoting *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018)). "[W]hen plaintiff[s] bring[] § 1983 claims against multiple defendants, 'it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*.'" *Id.* (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original)). "A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal." *Id.* at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." *Id.*

9. When asserting a § 1983 claim against a government agent in an individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Thus, there is no *respondeat superior* liability under § 1983, and employers are not necessarily liable for the misconduct of their employees. *See id.*; *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). Entities may not be held liable under § 1983 based on no more than an employer-employee relationship with the claimed tortfeasor. Supervisors are liable under § 1983 for their own unconstitutional or illegal policies only, and not for their employees' tortious acts. *See Barney v. Pulsipher*, 143 F.3d 1299, 1307–08 (10th Cir. 1998).

10. Under the Eleventh Amendment, sovereign immunity blocks actions for money damages against states, state agencies, and state officers in their official capacities unless it is waived. *See Tarrant Reg'l Water Dist. v. Sevenoaks*, 545 F.3d 906, 911 (10th Cir. 2008); *Couser v. Gay*, 959 F.3d 1018, 1022–23 (10th Cir. 2020); *see also Buck v. Utah Labor Comm'n*, 73 F. App'x 345, 347 (10th Cir. 2003) (unpublished) (holding that the Eleventh Amendment shields State of Utah and its employees in official capacity from claims alleging violations of § 1983, unless they are waived). However, under a recognized exception, "a plaintiff may bring suit against *individual state officers* acting in their official capacities if the complaint alleges an *ongoing* violation of federal law and the plaintiff seeks *prospective* relief.'" *Norton v. Parsons*, No. 23-4055, 2024 U.S. App. LEXIS 2109, at *5 (10th Cir. Jan. 31, 2024) (emphasis added) (unpublished) (quoting *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012)).

11. "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 Fed. App'x 904, 907 (10th Cir. 2010) (unpublished) (finding that a county criminal justice center was not a suable entity under § 1983) Specifically, the Tenth Circuit has acknowledged that sheriff's departments and police departments "are [often] not legally suable entities." *Lindsey v. Thomson*, 275 Fed. App'x. 744, 747 (10th Cir. 2007) (unpublished); *see also Smith v. Lawton Corr. Facility*, No. CIV-18-110-C, 2018 U.S. Dist. LEXIS 45488, at *5 (W.D. Okla. Mar. 7, 2018) (finding that specific correctional facilities were "not suable entities in a § 1983 action").

12. An officer can either be sued in an individual or official capacity, and there are important legal consequences to this distinction:

> The Supreme Court has instructed that official-capacity suits generally represent only another way of pleading an action against

> an entity of which an officer is an agent. By contrast, individual-
> capacity suits seek to impose individual liability upon a government
> officer for actions taken under color of state law.

*Coates v. Reigenborn*, Nos. 22-1339 & 22-1434, 2023 U.S. App. LEXIS 27456, at *9-10 (10th

Cir. Oct. 16, 2023) (unpublished) (citation modified); *see also Mocek v. City of Albuquerque*, 813

F.3d 912, 932 (10th Cir. 2015) ("A suit against a government agent in his official capacity is treated

as a suit against the government.").

One difference between suing a defendant in an official versus individual capacity has to

do with pleading causation. To adequately assert causation against a defendant in an individual

capacity who did not directly commit a constitutional violation, the plaintiff must allege facts

showing that the defendant "set in motion a series of events that he knew or reasonably should

have known would cause others to deprive [the plaintiff] of her constitutional rights." *Perry v.

Durborow*, 892 F.3d 1116, 1122 (10th Cir. 2018) (citation modified); *see also Cox v. Glanz*, 800

F.3d 1231, 1254 (10th Cir. 2015) ("[W]hen confronting individual-capacity § 1983 claims, our

focus must always be on the *defendant*—on the injury *he* inflicted or caused to be inflicted, and

on *his* motives.") (citation modified) (emphasis in original). Conversely, to adequately assert

causation against a defendant in an official capacity, the plaintiff must first identify an official

policy or custom, and then establish that the challenged policy or custom was the "'moving force'

behind the injury alleged." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404

(1997).

Finally, Plaintiff should keep in mind that "it [is impossible] to sue a governmental entity

in its individual capacity." *Jackson-Mackay v. McDonald*, No. 22-8033, 2023 U.S. App. LEXIS

6356, at *2 (10th Cir. Mar. 17, 2023).

13. The Eighth Amendment's ban on cruel and unusual punishment requires prison officials to "provide humane conditions of confinement" including "adequate . . . medical care." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)) (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998)). However, to state a claim under the Eighth Amendment for failure to provide proper medical care, "a prisoner must allege acts or omissions *sufficiently harmful* to evidence deliberate indifference to serious medical needs." *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (emphasis in original) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Any Eighth Amendment claim must be evaluated under objective and subjective prongs: (1) "Was the deprivation sufficiently serious?" And, if so, (2) "Did the officials act with a sufficiently culpable state of mind?" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Under the objective prong, a medical need is "sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (citation modified).

The subjective component requires the plaintiff to show that prison officials were consciously aware that the prisoner faced a substantial risk of harm and wantonly disregarded the risk "by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "[T]he 'inadvertent failure to provide adequate medical care' tantamount to negligence does not satisfy the deliberate indifference standard." *Sparks v. Singh*, 690 F. App'x 598, 604–05 (10th Cir. 2017) (unpublished) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)). Furthermore, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 811 10th

Cir. 1999); *see also Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) ("Disagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation.").

14. If Plaintiff wishes to develop a claim based on the excessive use of force, he should consider the following objective and subject elements he must plausibly allege:

> An excessive force claim involves two prongs: (1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials acted with a sufficiently culpable state of mind. An official's state of mind is sufficiently culpable if he uses force maliciously and sadistically for the very purpose of causing harm, rather than in a good faith effort to maintain or restore discipline.
>
> We have long recognized that a prison guard, to maintain control of inmates, must often make instantaneous, on-the-spot decisions concerning the need to apply force without having to second-guess himself. So when prison officials must act to preserve internal order and discipline, we afford them wide-ranging deference. Although this deference does not protect actions taken in bad faith and for no legitimate purpose, it does prevent us from substituting our judgment for that of officials who have made a considered choice.

*Lehman v. McKinnon, No. 20-1312*, 2021 WL 4129229, at *2 (10th Cir. Sept. 10, 2021) (unpublished) (citation modified).

## MOTION FOR INJUNCTIVE RELIEF

The court denies Plaintiff's motion for injunctive relief. The motion asks the court to "file an injunctive declaration" to obtain a "list of officers involved . . . in the arbitrary incident against [Plaintiff]" so they can be sued in their individual and official capacity. Pl.'s Mot. for Inj. However, at this time, Plaintiff can bring claims against all the officers involved in the incident even if they

are unnamed as long as Plaintiff's amended complaint provides enough detail—such as physical descriptions, dates, and times—for the defendants to be served or for the court to receive waiver of service. *See Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996) ("Courts have generally recognized the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served."). Thus, if Plaintiff wishes to continue this action, he should include as much information as possible about the officers involved in the action. Later on, Plaintiff may make discovery requests to obtain more information about the officers involved in the incident.

## ORDER

IT IS HEREBY ORDERED as follows:

1. If Plaintiff wishes to continue this action, he must—within ninety days of receiving notice of this order—cure the complaint's deficiencies through filing a document, entitled "Amended Complaint," that does not refer to or include any other document.

2. The clerk's office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint which Plaintiff must use to pursue an amended complaint.

4. If Plaintiff fails to timely cure the above deficiencies according to this order's instructions, this action will be dismissed without further notice.

5. The amended complaint shall not include any claims outside the dates and allegations of transactions and events found in the current complaint. The court will dismiss any such new claims or outside allegations. If Plaintiff wishes to raise other claims and allegations, Plaintiff may do so only in a new complaint in a new case. If an amended complaint is filed, the court will screen each claim and defendant for dismissal.

6. Plaintiff must file any address change with the court and timely comply with court orders. *See* D. Utah Civ. R. 83-1.6(b) ("An unrepresented party must immediately notify the Clerk's Office in writing of any name, mailing address, or email address changes."). Failure to do so may result in this action's dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.").

7. Extensions of time are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than fourteen days before the deadline to be extended.

8. No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the court clerk.

9. Plaintiff must observe this District of Utah local rule: "A party proceeding without an attorney (unrepresented party or *pro se* party) is obligated to comply with: (1) the Federal Rules of Civil Procedure; (2) these Local Rules of Practice; (3) the Utah Standards of Professionalism and Civility; and (4) other laws and rules relevant to the action." DUCivR 83-1.6(a).

10. Plaintiff's motion for injunctive relief is DENIED. Pl.'s Mot. for Inj. If Plaintiff wishes to continue this action, he should provide as much information as possible to identify the officers involved in the incident even if they are unnamed. Further along in the proceedings, he may make discovery requests.

DATED March 10, 2026

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge